UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN FITZGERALD WILLIAMS,<br><br>        Plaintiff,<br><br> v.<br><br>WASHINGTON CORRECTIONS CENTER, CUS V, CO FLOREZ, CO WHITE, CO MOFFIT, CO COOLY, JOHN DOES (R-4, R-5 CAFETERIA), SGT. Q, S. THACHS, MICHAEL KEWLEY, BRYAN FLORES, CONRADA VILLA-MCGRATH, CURTIS MOFFETT, and JOSEPH QUENGA,<br><br>        Defendants. | No. C10-5173 RBL/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**NOTED FOR:  August 20, 2010** |

  This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.

  It has been more than sixty days since the court's latest mailings to Plaintiff were returned and the court does not have a current address for the Plaintiff.  Therefore, the undersigned recommends that the court dismiss this action as Plaintiff appears to have abandoned his case.

REPORT AND RECOMMENDATION - 1

## DISCUSSION

On April 20, 2010, Plaintiff's application to proceed *in forma pauperis* was granted. Dkt. 4. On the same day, Plaintiff's civil rights complaint was docketed by the clerk and the court directed service by the U.S. Marshal. Dkts. 5 and 6. Copies of the orders granting leave to proceed *in forma pauperis* and directing service by the U.S. Marshal were mailed to Plaintiff at his last known mailing address at the Monroe Correctional Complex-Twin Rivers. These were returned as undeliverable ("inactive, not here, unable to forward") on April 27, 2010. Dkt. 7. On May 3, 2010, the court received a letter from the Department of Corrections (DOC) advising that the Plaintiff is not housed at a DOC facility. Dkt. 8.

Plaintiff has not notified the court of his current address.

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address. If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Plaintiff. Dismissal without prejudice for failure to prosecute is appropriate. Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action without prejudice as Plaintiff has left no forwarding address and appears to have abandoned the case.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

REPORT AND RECOMMENDATION - 2

objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 20, 2010**, as noted in the caption.

DATED this   29th   day of July, 2010.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3